TORRES ET AL., PLAINTIFFS AND APPELLANTS, *v.* VEGA ET AL., DEFENDANTS AND APPELLEES (TABOAS ET AL., INTERVENORS.)

APPEAL from the District Court of Arecibo in an Action of Unlawful Detainer.

No. 3141.—Decided February 18, 1924.

UNLAWFUL DETAINER—CONFLICT OF TITLES.—Evidence having been introduced tending to show that for eighteen years the defendant had held possession of the property as lessee, first of Camilo Taboas and later of Joaquín R. Caballero, and that by a public deed executed in 1907 the predecessors in interest of the plaintiffs empowered their son to execute a public deed in favor of Camilo Taboas as a *dation en paiement* of a mortgage which more than two years before the said spouses had created in his favor, the said son giving the defendant and the latter taking possession of the mortgaged property here in controversy, it follows that there is a conflict of titles between the plaintiffs and the defendant's lessor which can not be considered in the summary action of unlawful detainer.

The facts are stated in the opinion.
*Mr. L. Mercader* for the appellants.
*Mr. A. Lens Cuena* for the appellee.
*Mr. E. Rincón* for the intervenors.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an appeal from a judgment dismissing the complaint in an action of unlawful detainer at sufferance on the ground that there was a conflict of titles between the parties.

The property is one of 68 acres of land situated in the ward of Mameyes Arriba at a place called La Zarza of the Municipality of Utuado, which before the death of José Marrero García belonged to him and his wife, María Miranda Morales.

There are several plaintiffs and they allege in the complaint that they are the owners of the said property. One of them alleges that he acquired from María Miranda Morales and some of the heirs of José Marrero their rights and interests therein. The others claim title as heirs of José Marrero García, and they all claim to have acquired at a judicial sale all of the title, right and interest that Joaquín Ramón Caballero had in the property. They further allege that Joaquín Vega is in possession of the property at sufferance without any title and without paying any rent, and they prayed that he be evicted from the property.

Defendant Joaquín Vega denied all of the allegations of the complaint and set up as defense that for 17 years he had been in possession of the property as lessee of Joaquín Ramón Caballero.

Joaquín Ramón Caballero and Camilo Taboas intervened in the action of unlawful detainer. The former alleged that he was the owner of the property and that defendant Vega was his lessee, and both alleged in separate pleadings that José Marrero, the ancestor of the plaintiffs, owed 3,500 provincial *pesos* to Camilo Taboas secured by a mortgage, and that, being unable to pay the debt, he conveyed to him the said property in payment thereof in 1904, since when Taboas had been in possession of it, leasing it and later conveying it to Joaquín Ramón Caballero, to whom he assigned the mortgage, that being the only title that he could convey to him to guarantee the conveyed right, inasmuch as neither José Marrero nor his attorney in fact specially appointed for that purpose could execute a deed of *dation en paiement* in his favor. Taboas further alleged that he had an action pending against the plaintiffs to compel them to execute the deed of *dation en paiement* so that he could transfer it to Caballero. The latter also alleged that he had brought an action against the plaintiffs for the an-

nulment of the judicial sale of his interest in the property made in another action in favor of the plaintiffs.

These allegations show a conflict of titles betweeen the plaintiffs and Vega's lessor, and they are supported by some evidence, for the evidence examined at the trial showed, among other things, that for eighteen years Vega held possession of the property as lessee of Taboas and later of Joaquín Ramón Caballero, and that by a public deed executed on March 25, 1907, José Marrero García and his wife, María Miranda Morales, gave special power to their son, Domingo Marrero Miranda, to execute a public deed in favor of Camilo Taboas as a *dation en paiement* of a mortgage which more than two years before the said spouses had created in his favor in a private document, the said son to give Taboas possession of the mortgaged property, which is the property involved in this action. It also appears that the two actions referred to by the intervenors were pending.

This evidence is sufficient to establish the existence of a conflict of titles that should be settled in an ordinary action and not in a special and summary action of unlawful detainer, according to repeated holdings of this court.

The appellants maintain, however, that inasmuch as they alleged and proved that they acquired by purchase at a judicial sale for the payment of $32 costs in another suit all the title, right and interest that Joaquín Ramón Caballero might have to and in the said property, the fact that he had brought an action for the annulment of the said sale creates no conflict of titles and is no bar to a judgment sustaining the complaint in the action of unlawful detainer, citing in support of their contention the cases of *Delgado* v. *Pimentel,* 20 P. R. R. 521; *León* v. *Alvarado,* 24 P. R. R. 654, and *Lafontaine* v. *Lafontaine,* 30 P. R. R. 184.

These cases are not applicable to the case at bar, because in them the defendant's dominion title had passed to the plaintiff by virtue of the judicial sale afterwards sought to

be annulled, while here the plaintiffs acquired only in a generic and indefinite manner the title, right and interest that Joaquín Ramón Caballero might have in and to the property, and the present action of unlawful detainer is not the proper proceeding for determining whether what the plaintiffs acquired was an ownership title to the property, particularly as they also allege title by inheritance, which presupposes that the ownership title never passed to Joaquín Ramón Caballero and that the only title that Caballero had recorded in the registry when the judicial sale was made was that of mortgagee.

For the foregoing reasons the judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.